## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| **NIVINE KAMAL ZAKHARI,** | **CASE NO.:** |
| **Plaintiff,** | |
| **v.** | **COMPLAINT** |
| | **AND DEMAND FOR JURY TRIAL** |
| **MICROSOFT CORPORATION,** | **INJUNCTIVE RELIEF SOUGHT** |
| **Defendant.** | |

## NATURE OF ACTION

This is an action under 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), in addition to Fla. Stat. §§760.01-760.11 and 509.092, comprising the Florida Civil Rights Act ("FCRA"), to correct unlawful discrimination and harassment on the basis of race, ethnicity, national origin, color, and religion and to provide appropriate relief to Plaintiff who was adversely affected.  As alleged with greater detail below, Defendant MICROSOFT CORPORATION failed to enforce its own policies, leading to a hostile work environment for Plaintiff and others similarly situated.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Section 1981 and Title VII.

2.      Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events or omissions giving rise to this claim, including the unlawful discrimination, harassment, and retaliation alleged herein, occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff, NIVINE KAMAL ZAKHARI (hereinafter as "Plaintiff"), is a resident of Hillsborough County, Florida, and an employee of Defendant within the meaning of Section 1981, Title VII, the Florida Civil Rights Act ("FCRA") and related applicable statutes.

4.      Plaintiff is a member of The Florida Bar and admitted to practice in this Court, although her employment did not involve the practice of law for Defendant or Defendant's customers.

5.      Plaintiff is proceeding *pro se*, but may retain counsel to represent her, and others similarly situated, for which she will be obligated to pay a reasonable fee for their services.

2

6.      Defendant, MICROSOFT CORPORATION (hereinafter as "Defendant"), is a foreign corporation headquartered in Redmond, Washington, authorized and doing business in this Judicial District.

## CONDITIONS PRECEDENT

7.      More than thirty days prior to the institution of this lawsuit, Plaintiff filed a Charge of Discrimination (the "Charge") with the EEOC numbered 511-2024-02357 on May 16, 2024 alleging that Defendant discriminated against her on the basis of race, ethnicity, national origin and religion, in violation of Title VII (Exhibit A).

8.      The EEOC sent Defendant notice of the Charge soon thereafter.

9.      After several months of investigation, the EEOC declined to proceed further without making a determination on the merits and Plaintiff received Notice of Right to Sue on February 3, 2025 (Exhibit B).

10.     All conditions precedent to the institution of this lawsuit have been fulfilled related to claims under Title VII.

## FACTUAL ALLEGATIONS

11.     Plaintiff was born in the United States and is of Middle Eastern & North African (MENA) descent, as her parents were both native Egyptian Copts who immigrated to the U.S. several years before her birth.

3

12.     Historically, persons of MENA descent were considered "White" for Federal reporting purposes.[1]  However, the U.S. Office of Management and Budget (OMB) recently approved a separate MENA designation, comprising multiple ethnic and ethnoreligious groups in the region, including Egyptian Copts, Israeli Jews, Druze, Kurds, Chaldeans, and Persians, among others.[2]

13.     Plaintiff attended K-12 schools in Florida and attended college at the University of Houston where she studied Industrial Engineering from 1990 to 1996, completing both bachelor's and master's degrees.

14.     Plaintiff later returned to study law at the University of Houston Law Center from 2003 to 2006 and was admitted to the State Bar of Texas in 2006 (#24052028), followed by The Florida Bar in 2008 (#48825).

---

[1] See generally U.S. Census Bureau, "About the Topic of Race," at https://www.census.gov/topics/population/race/about.html (last revised Dec. 20, 2024) noting: "The U.S. Census Bureau must adhere to the 1997 Office of Management and Budget (OMB) standards on race and ethnicity which guide the Census Bureau in classifying written responses to the race question: White – A person having origins in any of the original peoples of Europe, the Middle East, or North Africa."

[2] See Dr. Karin Orvis, "OMB Publishes Revisions to Statistical Policy Directive No. 15: Standards for Maintaining, Collecting, and Presenting Federal Data on Race and Ethnicity," Mar. 28, 2024, available at https://bidenwhitehouse.archives.gov/omb/briefing-room/2024/03/28/omb-publishes-revisions-to-statistical-policy-directive-no-15-standards-for-maintaining-collecting-and-presenting-federal-data-on-race-and-ethnicity/ (last visited Apr. 6, 2025). See also "What Updates to OMB's Race/Ethnicity Standards Mean for the Census Bureau," Apr. 8, 2024, available at https://www.census.gov/newsroom/blogs/random-samplings/2024/04/updates-race-ethnicity-standards.html (last visited Apr. 6, 2025).

15.    Plaintiff began her employment with Defendant on January 24, 2011, as an engineer based in Houston, Texas, and soon relocated back to Florida in 2012 while still employed by Defendant.

16.    Plaintiff earned multiple promotions and awards during her tenure employed by Defendant, not only for her core job duties, but also for her efforts to reinforce the company's aspirational culture and values, including the support of Employee Resource Groups (ERGs).

17.    In 2023, Plaintiff sought volunteers to renew efforts to establish a MENA ERG for Defendant's employees, based on the inclusive definition of MENA proposed and eventually adopted by the OMB.

18.    Plaintiff soon recognized some of the volunteers did not actually support an inclusive MENA group, as they began taking steps to circulate increasingly antisemitic content, inviting external speakers with openly antisemitic viewpoints, and excluding Israeli and Jewish members, along with other ethnic and ethnoreligious members and their allies from the community.

19.    Plaintiff reported her concerns to Defendant's HR and Workplace Investigations Team (WIT) multiple times, as some of the volunteers appeared to insist on operating in a manner that conflicted with Defendant's stated

values and goals for ERGs,[3] in addition to its own published Anti-Discrimination and Anti-Harassment policies.[4]

20.    On July 18, 2023, Plaintiff was recognized for the FY23 Platinum Club award, which is Defendant's "premier award program recognizing and rewarding individuals who consistently exhibit an unwavering commitment to delivering exceptional results that directly contribute to the company's ongoing success."[5]

21.    On October 7, 2023, Plaintiff was returning home from the company sponsored Platinum Club Award trip when she started to see initial reports of the situation unfolding in Israel & Gaza.[6] It took some time before the full extent of the escalating conflict was understood.

22.    Employees began expressing their views on the conflict across multiple internal communications channels, and repeatedly asked Defendant's

---

[3]    See generally "Microsoft Global Diversity & Inclusion," at https://www.microsoft.com/en-us/diversity/inside-microsoft/default (last visited Apr. 6, 2025).

[4] See generally "Building a more inclusive workplace: Microsoft releases action plan following independent review," Nov. 15, 2022, at https://blogs.microsoft.com/blog/2022/11/15/building-a-more-inclusive-workplace-microsoft-releases-action-plan-following-independent-review/ (last visited Apr. 6, 2025).

[5] Microsoft Platinum Club Award Letter, July 18, 2023 (Exhibit C).

[6] See generally Dan Williams, "How the Hamas attack on Israel unfolded," Reuters, Oct. 7, 2023, at https://www.reuters.com/world/middle-east/how-hamas-attack-israel-unfolded-2023-10-07/ (last visited Apr. 6, 2025).

Senior Leadership Team to take action to support those impacted by the recent events, beyond the short public statements that were made.[7]

23.     It quickly became apparent that some of most active participants in the MENA community were advocating for extreme views that were not inclusive or aligned with the goals of the potential ERG.

24.     Plaintiff notified Defendant of her concerns with proceeding with the potential ERG formation given recent events and paused further activity in the MENA group originally created in December 2023.

25.     Defendant allowed some of the remaining MENA community leaders to continue with a separate MENA community that claimed to be inclusive but was primarily being used to amplify the viewpoints of its Palestinian, Arab, and Muslim members.

26.     Defendant's recognition of this alternative MENA community has emboldened protesters in the company who frequently use companywide channels, particularly Viva Engage[8] and large email distribution lists, to reach

---

[7] See, e.g., Kathleen Hogan, "Microsoft employee announcement regarding the attack on Israel," October 10, 2023, at https://blogs.microsoft.com/blog/2023/10/10/microsoft-employee-announcement-regarding-the-attack-on-israel/ (last visited Apr. 6, 2025).

[8] Viva Engage (formerly Yammer) is a companywide social messaging platform that includes not only 200k+ full-time employees of Defendant, but another 200k+ business partners and guests for a total reach of over 400k people where communities are visible to the entire network. See generally "Introducing Microsoft Viva Engage," Sep. 10, 2024, available at https://learn.microsoft.com/en-us/viva/engage/overview (last visited Apr. 6, 2025).

thousands of employees globally with their political viewpoints, in addition to events on campus used to amplify extremist propaganda and hate speech.[9]

27.     Defendant's inaction also emboldened members of this alternate MENA community to ambush participants and their managers in meetings and events and perpetuate false and defamatory narratives about these employees to achieve their social and political goals.

28.     After notifying Defendant on multiple occasions of the problematic behavior encountered and observed, Plaintiff filed a Charge of Discrimination with the EEOC on May 16, 2024 (Exhibit A).

29.     Following several months of investigation, the EEOC declined to proceed further and provided Notice of Right to Sue on February 3, 2025 (Exhibit B).

30.     Defendant has failed to take appropriate measures to stop the ongoing harassment, discrimination, intimidation, and defamation by

---

[9] See, e.g., Matt O'Brien, "Microsoft fires employees who organized vigil for Palestinians killed in Gaza," *AP News*, Oct. 26, 2024, at https://apnews.com/article/microsoft-fired-workers-israel-palestinians-gaza-72de6fe1f35db9398e3b6785203c6bbf (last visited Apr. 6, 2025). See also Joel Moreno, "Former Microsoft employees claim retaliation after being fired over Palestinian vigil," *KOMO News*, Nov. 1, 2024, at https://komonews.com/news/local/former-microsoft-employees-claim-retaliation-after-being-fired-over-palestinian-vigil-google-israel-palestine-palestinian-military-victims-war-gaza-hamas (last updated Nov. 2, 2024) reporting: ""We are demanding that Microsoft stop providing the Israeli military with the technology to commit an ongoing genocide against Palestinians," said a current Microsoft employee who spoke at the press conference but did not want to be identified.  No Azure for Apartheid is circulating a public petition to end sales of Azure cloud and AI services to the Israeli military. The petition also calls for more employee protections against discrimination."

employees who misuse company resources and flout company policies to achieve their social and political goals.

31.     Defendant's failure to act has enabled an undeniably hostile work environment to take root and flourish, with foreseeable incidents occurring during some of the most significant company events, such as a live companywide town hall on February 25th, 2025, and the 50th Anniversary Celebration on April 4th, 2025, where protesters disrupted speakers including a President, Co-Founder, former CEO, and current CEO.[10]   These protesters subsequently circulated wide-reaching emails and stories with media outlets that carried more footage of not only the event disruption, but the protest crowd near the venue.[11]

32.     Plaintiff is not alone in her concern that these increasingly visible and hostile protests in front of some of the Defendant's top executives present a security risk, both physically and virtually, to herself and fellow employees.

---

[10] See "Microsoft employees protest at 50th anniversary party over Israel contract," *AP News*, Apr. 4, 2025, at https://www.msn.com/en-us/news/world/pro-palestinian-protester-interrupts-microsofts-50th-anniversary-party-over-israel-contract/ar-AA1Ck1gH?ocid=BingNewsSerp. See also "Microsoft workers protest sale of AI and cloud services to Israeli military," *AP News*, Feb. 25, 2025, at https://apnews.com/article/israel-palestinians-ai-technology-microsoft-gaza-lebanon-90541d4130d4900c719d34ebcd67179d.

[11] See Tom Warren, "Microsoft's 50th birthday got interrupted by employees protesting," *The Verge*, Apr. 4, 2025 at https://www.theverge.com/news/644027/microsoft-50th-anniversary-protest reporting: "Microsoft held a special 50th anniversary event at its headquarters earlier today. During Microsoft AI CEO Mustafa Suleyman's presentation, a Microsoft employee interrupted the event to protest the use of Microsoft's technologies in Israel's war against Hamas. A second employee interrupted the event later on, while CEO Satya Nadella, co-founder Bill Gates, and former CEO Steve Ballmer were discussing 50 years of Microsoft."

33. Defendant's inability to sufficiently discipline some of the most visible and frequent instigators in these events goes beyond concerns of harassment, discrimination, and a hostile work environment, to plausible concerns of more significant business disruptions and escalating harm occurring, including hate crimes.[12]

34. Plaintiff believes she has exhausted all internal escalation paths available for Defendant to address the ongoing violations alleged herein.

## STATEMENT OF CLAIMS

### Count I: Discrimination in Violation of Section 1981

35. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs, as though fully set forth herein.

36. Defendant discriminated against Plaintiff on the basis of her race and ethnicity in violation of Section 1981 by, *inter alia*, interfering with her ability to continue performing at the level she had reached by reassigning some of her work to other team members without her knowledge or consent.

---

[12] See, e.g., Fla. Stat. 784.0493 "Harassment or intimidation based on religious or ethnic heritage" part of House Bill 269, the "Public Nuisances" bill, signed into Florida law on May 1, 2023.  Also see generally Nivine K. Zakhari, "Count MENA: Clarifying the Impact of U.S. Hate Crimes on the Middle Eastern & North African Community," Johns Hopkins Scholarship Government Analytics Collection, Dec. 2021, available at https://jscholarship.library.jhu.edu/items/8eb41d2f-3a67-4327-8438-9899f5aed902.

37.     Defendant discriminated against Plaintiff on the basis of her race and ethnicity in violation of Section 1981 by, *inter alia*, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that has included, among other things, frequent, severe and pervasive discrimination and harassment.

38.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary, economic, and reputational harm, for which she is entitled to an award of damages.

39.     As a direct and proximate result of Defendant's unlawful discriminatory conduct and harassment in violation of Section 1981, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering, for which she is entitled to an award of damages and other relief.

40.     Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton or recklessly indifferent violations of Section 1981, for which Plaintiff is entitled to an award of punitive damages.

Count II: Retaliation in Violation of Section 1981

41.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs, as though fully set forth herein.

42.    Defendant retaliated against Plaintiff by, *inter alia*, allowing other employees, including managers, to perpetuate false narratives and exclude her from key meetings and communications related to her role and appropriate for her level and scope, in an effort to constructively dismiss or "cancel" her.

43.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary, economic, and reputational harm, for which she is entitled to an award of damages.

44.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering, for which she is entitled to an award of damages.

45.    Defendant's unlawful and retaliatory actions constitute malicious, willful and wanton or recklessly indifferent violations of Section 1981, for which Plaintiff is entitled to an award of punitive damages.

12

## Count III: Discrimination in Violation of Title VII

46.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs, as though fully set forth herein.

47.     Defendant discriminated against Plaintiff on the basis of her race, ethnicity, national origin, color and religion in violation of Title VII by, *inter alia*, interfering with her ability to continue performing at the level she had reached by reassigning some of her workload to other team members without her knowledge or consent.

48.     Defendant discriminated against Plaintiff on the basis of her race, ethnicity, color and religion in violation of Title VII by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that has included, among other things, frequent, severe and pervasive discrimination and harassment.

49.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary, economic, and reputational harm, for which she is entitled to an award of damages.

50.     As a direct and proximate result of Defendant's unlawful discriminatory conduct and harassment in violation of Title VII, Plaintiff has

suffered, and continues to suffer, mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering, for which she is entitled to an award of damages and other relief.

51.     Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton or recklessly indifferent violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

<u>Count IV: Retaliation in Violation of Title VII</u>

52.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs, as though fully set forth herein.

53.     Defendant retaliated against Plaintiff by, *inter alia*, allowing other employees, including managers, to perpetuate false narratives and exclude her from key meetings and communications related to her role and appropriate for her level and scope, in an effort to constructively dismiss or "cancel" her.

54.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary, economic, and reputational harm, for which she is entitled to an award of damages.

55.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering, for which she is entitled to an award of damages.

56.    Defendant's unlawful and retaliatory actions constitute malicious, willful and wanton or recklessly indifferent violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

Count V: Discrimination in Violation of the Florida Civil Rights Act

57.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs, as though fully set forth herein.

58.    Defendant discriminated against Plaintiff on the basis of her race, ethnicity, national origin, color and religion in violation of Fla. Stat. §§760.01-760.11 and 509.092, comprising the Florida Civil Rights Act (FCRA) by, *inter alia*, interfering with her ability to continue performing at the level she had reached by reassigning some of her workload to other team members without her knowledge or consent.

15

59. Defendant discriminated against Plaintiff on the basis of her race, ethnicity, color and religion in violation of the FCRA by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that has included, among other things, frequent, severe and pervasive discrimination and harassment.

60. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the FCRA, Plaintiff has suffered, and continues to suffer, monetary, economic, and reputational harm, for which she is entitled to an award of damages.

61. As a direct and proximate result of Defendant's unlawful discriminatory conduct and harassment in violation of the FCRA, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering, for which she is entitled to an award of damages and other relief.

62. Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton or recklessly indifferent violations of the FCRA, for which Plaintiff is entitled to an award of punitive damages.

## Count VI: Retaliation in Violation of the Florida Civil Rights Act

63.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs, as though fully set forth herein.

64.     Defendant retaliated against Plaintiff by, *inter alia*, allowing other employees, including managers, to perpetuate false narratives and exclude her from key meetings and communications related to her role and appropriate for her level and scope, in an effort to constructively dismiss or "cancel" her.

65.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FCRA, Plaintiff has suffered, and continues to suffer, monetary, economic, and reputational harm, for which she is entitled to an award of damages.

66.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FCRA, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering, for which she is entitled to an award of damages.

67.     Defendant's unlawful and retaliatory actions constitute malicious, willful and wanton or recklessly indifferent violations of the FCRA, for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NIVINE K. ZAKHARI, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, MICROSOFT CORPORATION for:

a.    A declaratory judgment that the actions of Defendant complained of herein violate the laws of the United States and the State of Florida;

b.    An injunction and order permanently restraining Defendant, their officers, managers, employees, and all persons in active concert or participation with them from engaging in such unlawful conduct, along with actual enforcement of Defendant's stated policies;

c.    An award of damages against Defendant, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to past and future lost earnings, emotional pain and suffering and emotional distress, harm to her professional and personal reputations and loss of career fulfillment;

d.    An award of punitive damages in an amount to be determined at trial;

e.    Prejudgment interest on all amounts due;

18

f. Liquidated damages;

g. Attorneys' fees and costs that Plaintiff incurs in this action to the fullest extent permitted by law; and

h. For any other and further relief this Court deems just and proper.

## JURY TRIAL DEMANDED

68. Plaintiff, NIVINE KAMAL ZAKHARI, requests a jury trial on all issues so triable by this Complaint.

Dated this 7th day of April 2025.

Respectfully submitted,

*/s/ Nivine K. Zakhari*
**NIVINE K. ZAKHARI**
Florida Bar No.: 48825
3001 N Rocky Pt Dr E, Suite 200
Tampa, FL 33607
Telephone (813) 358-4600
Facsimile (866) 517-7912
nivine@zakhari.com

*Plaintiff*